# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STEVEN GILBERT                *

Plaintiff                     *

v                             *           Civil Action No. ELH-18-1269

RICHARD J. GRAHAM             *

Defendant                     *
                            ***

## **MEMORANDUM**

On April 30, 2018, plaintiff Steven Gilbert filed this civil rights action (ECF 1) along with a motion to proceed in forma pauperis. ECF 2. His motion will be granted and the complaint shall be dismissed.

Gilbert, an inmate confined to Western Correctional Institution ("WCI"), seeks damages of 500 million dollars against Warden Richard Graham for telling "someone to delete [his] medical records." ECF 1 at 2. Currently, Gilbert has a civil rights complaint pending in this Court that concerns his allegation that he is not being adequately treated for an H. Pylori infection. *See Gilbert v. Graham*, Civil Action ELH-17-3357 (D. Md.). The claim shall be addressed in the context of the case just cited. To the extent that Gilbert raises that claim again in this complaint, it is dismissed, without prejudice, as duplicative.

Therefore, the only new claim asserted in this complaint concerns an alleged deletion of Gilbert's medical records — an allegation that does not present a colorable civil rights claim. Gilbert cannot assert an injury resulting from the alleged removal of his medical records.

> [A]t an irreducible minimum, Article III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision. In this manner Article III limits the

> federal judicial power to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). Further, Warden Graham is not responsible for the accuracy of medical records for prisoners incarcerated at WCI, as he is not employed by the medical care provider. Nor does Gilbert have an enforceable constitutional right to accurate medical records.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The claim regarding medical records fails to state a claim on which relief may be granted. Because the claim regarding medical care is being dismissed without prejudice, the dismissal of the medical records claim will not be counted as a "strike" under the Prisoner Litigation Reform Act.[1] *See Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011) (holding dismissal of one part of an "action" for failure to state a claim does not qualify as a strike). Where a "district court's dismissal did not turn on an explicit determination that [the] entire action failed to state a claim or was otherwise frivolous or malicious, it does not qualify as a strike." *Everett v. Whaley*, 504 F. App'x 245, 246

---

[1] Ordinarily, a complaint that is dismissed on the grounds enumerated in 28 U.S.C. §1915(e)(2) constitutes a "strike" under 28 U.S.C. §1915(g). Under §1915(g) a prisoner plaintiff will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

(4th Cir. 2013) (citing *Tolbert*, 635 F.3d at 651).

A separate Order follows.

May 4, 2018                                  /s/
Date                                         Ellen L. Hollander
                                             United States District Judge